(C.D. 4313)

PENSON & Co. *v.* UNITED STATES

■

United States Customs Court, Second Division

■

(Decided December 29, 1971)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Peter Jay Baskin*, trial attorney), for the defendant.

Before RAO and FORD, Judges; NEWMAN, Judge, not participating

FORD, Judge: The cases listed in schedule "A," attached hereto and made a part hereof, consolidated for the purpose of trial constitute a retrial of the case of *Penson & Co.* v. *United States*, 63 Cust. Ct. 76, C.D. 3877 (1969), the record of which was incorporated herein. The court therein held that the legislative history expressly sets forth lapping as a process which would bring silk waste within the provision for silk partially manufactured under the provisions of paragraph 1201 of the Tariff Act of 1930, and since there was no evidence as to how it was lapped or what other process, if any, was performed prior to shipment, plaintiff had failed to overcome the presumption of correctness attaching to the classification.

In the case at bar the merchandise consists, as it did in the prior case, of Japanese silk keba which was classified under the provisions of paragraph 1201, Tariff Act of 1930, as silk partially manufactured and as such assessed with duty at the rate of 35 per centum ad valorem. Plaintiff contends the merchandise is entitled to entry free of duty under the provisions of paragraph 1762, Tariff Act of 1930, as silk waste or alternatively subject to duty as an unmanufactured article, not enumerated or provided for.

At the outset of the trial counsel abandoned protest 241737–K and abandoned entries 883179 and 893546 covered by protest 288823–K. Additionally entries 864576, 846073 and 843583 of protest 249566–K were abandoned as were entries 353514, 349491 and 347726 of protest 235812–K. They are accordingly dismissed.

In addition to the record as previously made, plaintiff called Mr. Tuerpe who had previously testified. His testimony related solely to

the purchasing and processing in the United States and not to any processing in Japan. The matter was continued and a motion for a commission was filed and denied. Subsequently, on May 14, 1971, defendant moved to dismiss for failure to prosecute. This motion was denied subject to plaintiff trying and submitting the case not later than October 1, 1971. No further action having been taken by plaintiff, the court on November 18, 1971, *sua sponte* ordered the matter submitted on the record as made.

Reviewing the additional evidence presented, we find no reason to depart from our previous decision. We, therefore, for the reasons set forth in C.D. 3877, *supra*, overrule the protests.

Judgment will be entered accordingly.